# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CLARK, | ) |
| Plaintiff, | ) ) |
| v. | ) No.: 19-cv-4103-MMM |
| MR. McCULLOUGH, | ) ) ) |
| Defendant. | ) ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files a complaint and petition for leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

# ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff pleads that on May 25, 2017, there was a "fire hazard emergency" at Rushville, not otherwise explained. Plaintiff and other residents were initially locked inside their cells and then evacuated to the Central Yard, presumably an outdoor space. When the emergency was over, the residents walked back to their cells and began criticizing staff for "putting their lives in danger" by locking them in during the fire hazard emergency. Plaintiff and others spoke about complaining to the administrative offices in Springfield. This conversation was allegedly overheard by Defendant McCullough, a Rushville Security Therapy Aid ("STA"). Defendant McCullough wrote a disciplinary charge against Plaintiff which went to hearing before the Disciplinary Committee. Plaintiff does not reveal the Committee's decision and does not claim that he suffered any discipline or loss of privileges as a result.

While Plaintiff does not affirmatively state it, it appears that he is asserting a retaliation claim. As a civil detainee, Plaintiff has a protected First Amendment right to grieve the conditions under which he is held. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Officials may not retaliate against a civil detainee for his exercise of a constitutional right. *Henderson v. Adams*, No. 06-6451, 2007 WL 4287559, at *5 (N.D. Ill. Nov. 30, 2007) (internal citations omitted). The assertion of a grievance is protected activity even if in verbal, not written form. *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("legitimate complaints [do not] lose their protected status simply because they are spoken").

Here, Plaintiff alleges that he was retaliated against for complaining about the staff's handling of the fire hazard emergency. To successfully plead such a claim Plaintiff must allege

that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Plaintiff has sufficiently alleged that he was engaged in protected First Amendment activity. He does not, however, address the next element, that he "suffered a deprivation that was so substantial it would deter a reasonable person from exercising his rights in the future." *Wilson v. Rensing*, No.15- 249, 2018 WL 784053, at *3 (S.D. Ill. Feb. 8, 2018) (one month in segregation and demotion to C class would not deter a reasonable person); *see also*, *Harper v. Davis*, No. 09-0878, 2011 WL 3841703, at *7 (N.D. Ill. Aug. 23, 2011). Here, Plaintiff does not claim that he was found guilty or suffered detriment due to Defendant McCullough filing the disciplinary report.. Plaintiff has, therefore, failed to allege a necessary element of retaliation but will be given an opportunity to replead and provide more detail.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's petition to proceed in forma pauperis [ECF 3] is DENIED with leave to reassert if he files an amended complaint. Plaintiff's motion for status update [ECF 6] is rendered MOOT by this order.

ENTERED: 9/24/2019

     s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE