UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE CLARK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 19-cv-4103-MMM |
| | ) | |
| MR. McCULLOUGH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files an amended complaint and petition for leave to proceed *in forma pauperis*. The "privilege to proceed without posting after having been granted leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff pleads that on May 25, 2017, the Rushville fire alarms sounded. Staff responded by initially locking Plaintiff and other residents inside their cells. The residents were thereafter evacuated off of the housing units and onto the Central Yard. When the emergency was over, the residents walked back to their cells and began criticizing staff for "putting their lives in danger" by locking them in during the emergency. Plaintiff and others spoke about reporting the incident to the administrative offices in Springfield. This conversation was allegedly overheard by Defendant McCullough, a Rushville Security Therapy Aid ("STA"). Defendant McCullough wrote a disciplinary charge against Plaintiff which went to hearing before the Disciplinary Committee. Plaintiff was acquitted of the charge.

Plaintiff alleges that Defendant McCullough impermissibly retaliated against him for his verbal complaints about staff. As a civil detainee, Plaintiff has a protected First Amendment right to grieve the conditions under which he is held. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Officials may not retaliate against a civil detainee for his exercise of a constitutional right. *Henderson v. Adams*, No. 06-6451, 2007 WL 4287559, at *5 (N.D. Ill. Nov. 30, 2007) (internal citations omitted). The assertion of a grievance is protected activity even if in verbal, not written form. *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("legitimate complaints [do not] lose their protected status simply because they are spoken").

Plaintiff's initial complaint was dismissed as, while he had pled a protected First Amendment activity, he had not pled that he suffered a deprivation that would likely deter First Amendment activity in the future. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Plaintiff corrects this in the amended complaint asserting that the disciplinary charge caused him to suffer "intimidation, anxiety, trepidation, fear, hopelessness, hatred, and deprived me of my peaceful state-of-mind, my ability to sleep and my emotional stability."

There is some question as to whether the issuance of a disciplinary charge later dismissed, would be sufficient to "deter a reasonable person from exercising his rights in the future," so as to establish a retaliation claim. *Wilson v. Rensing*, No.15- 249, 2018 WL 784053, at *3 (S.D. Ill. Feb. 8, 2018) (one month in segregation and demotion to C class would not deter a reasonable person); *see also*, *Harper v. Davis*, No. 09-0878, 2011 WL 3841703, at *7 (N.D. Ill. Aug. 23, 2011). Plaintiff will be allowed to proceed, however, pending a more fully developed record.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the retaliation claims against Defendant McCullough.

2. Plaintiff's motion for leave to proceed in forma pauperis [9], is MOOT as he has already been granted this relief.

3. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendant shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: _____4/9/2020_____

_____s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE